UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------X

ALLSTATE INSURANCE COMPANY;
ALLSTATE FIRE & CASUALTY
INSURANCE COMPANY; ALLSTATE
INDEMNITY COMPANY; and
ALLSTATE PROPERTY & CASUALTY
INSURANCE COMPANY,

                   Plaintiffs,

      -against-

ISAAC SHAPSON; YURI NISNEVICH
A/K/A YURY NISNEVICH; SERGE
DELALEU, M.D.; PERVAIZ IQBAL
QURESHI M.D.; HELEN SHIRAZI,
D.C.; ARKADY KINER, L.AC.;
TIMOTHY MORLEY, M.D.; JOSEPH C.
YELLIN, D.O.; SHELDON PIKE, M.D.;
SD MEDICAL P.C.; P.R. MEDICAL, P.C.;
HS DIAGNOSTIC CHIROPRACTIC P.C.;
GENTLE CARE ACUPUNCTURE, P.C.;
MORLEY MEDICAL SERVICES, P.C.;
SAGE MEDICAL, P.C.; SPIKE MEDICAL
P.C.; JOHN DOES 1 THROUGH 20; and
ABC CORPORATIONS 1 THROUGH 20,

                   Defendants.

**ORDER**
22-CV-7125 (NRM) (TAM)

----------------------------------------------------------X

**TARYN A. MERKL**, United States Magistrate Judge:

      The Court has considered the February 16, 2023 motion (ECF No. 18) and the February 22, 2023 supplemental submission (ECF No. 19) by Plaintiffs Allstate Insurance Company; Allstate Fire & Casualty Insurance Company; Allstate Indemnity Company; and Allstate Property & Casualty Insurance Company (collectively, "Plaintiffs") for an Order, pursuant to Federal Rule of Civil Procedure 4(e) and N.Y. C.P.L.R. § 308(5), directing an alternative form of service upon Defendants Timothy

Morley, M.D. ("Morley"); Joseph C. Yellin, D.O.[1] ("Yellin"); and Sheldon Pike, M.D. ("Pike"). Plaintiffs represent that they have diligently investigated and run various computer database searches to locate Defendants' last known addresses and places of business, but that their service attempts thus far have been unsuccessful. (*See* Pls.' Mot. for Extension and Alternative Service, ECF No. 18, at 2.) Under New York state law, in the event that service under N.Y. C.P.L.R. §§ 308(1), (2), and (4) is "impracticable," a court is permitted to allow a party to effect service "in such manner as the court, upon motion without notice, directs." N.Y. C.P.L.R. § 308(5). After considering the papers submitted in connection with the application, the Court grants Plaintiffs' application in part, as follows.

## I. Defendant Morley

Service upon Defendant Morley pursuant to N.Y. C.P.L.R. §§ 308(1), (2), and (4) is impracticable. Plaintiffs believe Morley lives at 4 Lafayette Ct., Apt. 3C, Greenwich, Connecticut 06830, and Plaintiffs' process server has attempted to serve Morley there five times. (Pls.' Mot. for Extension and Alternative Service, ECF No. 18, at 2; Ex. 1, Aff. of Attempted Service, ECF No. 18-1.) Plaintiffs believed that Morley's business address was 57 W. 57th Street, Suite 902, New York, New York 10009, but this address is apparently outdated, as the process server was informed that Morley moved out five years ago. (Pls.' Mot. for Extension and Alternative Service, ECF No. 18, at 2; Ex. 2, Aff. of Attempted Service, ECF No. 18-2.) Plaintiffs subsequently found two additional

---

[1] Defendant Joseph C. Yellin, D.O.'s name is variously spelled "Yellin" (*see* Complaint, ECF No. 1, at 1) and "Yellen" (*see* Pls.' Mot. for Extension and Alternative Service, ECF No. 18, at 1). Absent an appearance from Defendant himself, the Court uses the spelling used in the Complaint, which the Court notes is also the spelling listed on the New York Department of State, Division of Corporations' website for the entity information of the organization he owns, Sage Medical, P.C. (listing the spelling as "Yellin"). *See* New York Department of State, Division of Corporations, Corporation and Business Entity Database, https://apps.dos.ny.gov/publicInquiry/ (last visited Mar. 20, 2023).

2

business addresses for Morley: (1) 450 Mamaroneck Avenue, Suite 413, Scarsdale, New York 10583 (where Plaintiffs state the process server was informed that Morley's practice was no longer at the location) and (2) 37 Moore Avenue, Suite 4, Mount Kisco, NY 10546 (where Plaintiffs state that Morley was unknown by the current occupant). (Pls.' Mot. to Amend/Correct/Supplement ("Pls.' Mot. to Amend"), ECF No. 19, at 2; Exs. 2–3, Affs. of Attempted Service, ECF Nos. 19-2 and 19-3.) Plaintiffs also served Defendant Morley Medical Services, P.C. through the New York Secretary of State on January 24, 2023; notice of the instant case may have reached Morley through that process.[2] Plaintiffs state that current and/or new addresses cannot be located. (*Id.*)

Morley is likely to receive actual notice of the claims asserted against him if the Plaintiffs serve Morley at the law firms hired by Morley to commence numerous lawsuits throughout the New York City Courts seeking collection of unpaid no-fault claims. I therefore find that service of the Summons and Complaint in this action through the methods set forth below is reasonably calculated to give actual notice of this action to the Morley and is more likely to do so than other methods of service, such as service by publication.

[2] Morley may have already received actual notice by the New York Secretary of State (the "Secretary of State") of the claims asserted against him in that Morley designated the Secretary of State as an entity permitted to accept process on Morley Medical Services, P.C.'s behalf, and Morley provided the Secretary of State with the address (listed on the website as The Corporation, 4 Lafayette Court, Greenwick, Connecticut 06830) to forward any process that is served on Morley Medical Services, P.C. pursuant to N.Y. Business Corporation Law § 306(b). (The Court notes that "Greenwick" is most likely a misspelling of "Greenwich.") Because Plaintiffs served process on Morley Medical Services, P.C. (owned by Morley) via the New York Secretary of State pursuant to N.Y. Business Corporation Law § 306(b), it is possible that the Secretary of State forwarded such process to Morley at the address Morley provided to the Secretary of State. (*See* Complaint ("Compl."), ECF No. 1, ¶ 99; Aff. of Service, ECF No. 14.)

## II. Defendant Yellin

The motion is denied, however, with respect to Defendant Yellin, without prejudice. Plaintiffs performed searches on various computer databases, including but not limited to Westlaw, Pacer.gov, Whitepages.com, and Google.com, and Plaintiffs believed that Yellin resided at 1 Stockton Ct, East Brunswick, New Jersey 08816. (Pls.' Mot. for Extension and Alternative Service, ECF No. 18, at 3.) Plaintiffs' process server attempted service, but was informed that Yellin no longer lives at the residence. (*Id.*; Ex. 4, Aff. of Attempted Service, ECF No. 18-4.) Plaintiffs then found two addresses on Yellin's website (http://www.drjosephyellin.com/) and made two other unsuccessful attempts at service: (1) his actual place of business, Lenox Hill Hospital, 130 E. 77th Street, 10th Fl, New York, New York (where the hospital's risk management office refused service because the papers were related to a personal matter and were too large for them to accept) and (2) his office address, identified as 1559 E. 15th Street, 3rd Fl, Brooklyn, New York[3] (where Yellin was unknown to the tenant). (Pls.' Mot. for Extension and Alternative Service, ECF No. 18, at 3; Exs. 8–9, Affs. of Attempted Service, ECF Nos. 19-8 and 19-9.) Plaintiffs then attempted to serve Yellin at the following additional residential and business addresses: (1) 530 East 76th Street, #A19D, New York, New York 10021 (where Plaintiffs' process server was informed that Defendant Yellin was unknown at the address) and (2) 100 Livingston St, 2nd Fl, Brooklyn, New York 11201 (a business address where Plaintiffs' process server was informed that Yellin's practice was no longer at the location). (Pls.' Mot. to Amend, ECF

---

[3] Plaintiffs' Motion (ECF No. 18) lists the office address as "559 E. 15th Street, 3rd Fl, Brooklyn, NY," which appears to be a typographical error. Plaintiffs' Affidavit of Service lists the address where the process server attempted service as "1559 East 15th St." (Aff. of Attempted Service, ECF No. 19-9.) The referenced website, however, lists "15**99** East 15th Street-3rd Fl (Corner of Avenue P), Brooklyn, NY 11230" (emphasis added). *See* Dr. Joseph Yellin, http://www.drjosephyellin.com/ (last visited Mar. 20, 2023).

4

No. 19, at 2; Exs. 10–11, Affs. of Attempted Service, ECF Nos. 19-10 and 19-11.) Plaintiffs also served Defendant Sage Medical, P.C. through the New York Secretary of State on January 20, 2023; notice of the instant case may have reached Yellin through that process.[4]

The Court notes that Defendant Yellin's website lists an office location at "15**99** East 15th Street-3rd Fl (Corner of Avenue P), Brooklyn, NY 11230." Dr. Joseph Yellin, http://www.drjosephyellin.com/ (last visited Mar. 20, 2023) (emphasis added); *see supra* note 3. Plaintiffs' Affidavit of Attempted Service states that the process server went to 15**59** East 15th St, Brooklyn, NY. (Aff. of Attempted Service, ECF No. 19-9.) The Court is not persuaded that Plaintiffs' process server has properly attempted service at Defendant Yellin's office location at 15**99** East 15th Street-3rd Fl (Corner of Avenue P), Brooklyn, NY 11230. The Court therefore denies the motion as to Yellin, without prejudice. Notwithstanding this conclusion, for expediency, the Court directs Plaintiffs to serve Defendant Yellin's no-fault counsel in addition to attempting to effect service at 1599 East 15th Street, 3rd Fl, Brooklyn, NY 11230.

**III. Defendant Pike**

Service upon Defendant Pike pursuant to N.Y. C.P.L.R. §§ 308(1), (2), and (4) is impracticable. Plaintiffs performed searches on various computer databases, including but not limited to Westlaw, Pacer.gov, Whitepages.com, and Google.com, to deduce

---

[4] Yellin may have already received actual notice by the Secretary of State of the claims asserted against him in that Yellin designated the Secretary of State as an entity permitted to accept process on Sage Medical, P.C.'s behalf, and Yellin provided the Secretary of State with the address (Joseph C Yellin, 530 East 76 Street, A19D, New York, New York 10021) to forward any process that is served on Sage Medical, P.C. pursuant to N.Y. Business Corporation Law § 306(b). Because Plaintiffs served process on Sage Medical, P.C. (owned solely by Yellin) via the New York Secretary of State pursuant to N.Y. Business Corporation Law § 306(b), it is possible that the Secretary of State forwarded such process to Yellin at the address Yellin provided to the Secretary of State. (*See* Complaint, ECF No. 1, ¶ 102; Aff. of Service, ECF No. 12.)

that Plaintiffs believed Pike resided at 170 E. 77th Street, Apt 9C, New York, New York 10075. (Pls.' Mot. for Extension and Alternative Service, ECF No. 18, at 2.) Plaintiffs' process server attempted service twice, but was initially told by security that Pike wasn't home, and then was informed by the superintendent of the building through the doorman that Pike has not resided there for two years. (*Id.*; Aff. of Attempted Service, ECF No. 18-3.) Plaintiffs then found an alternate address for Pike (430 E. 86th Street, Apt. 7C, New York, New York 10028), but Plaintiffs' process server was told that Pike was unknown at that address. (Pls.' Mot. for Extension and Alternative Service, ECF No. 18, at 2; Ex. 4, Affs. of Attempted Service, ECF No. 19-4.) Plaintiffs attempted to serve Pike at his actual place of business, found on NYHealth.com, WebMD, Google Maps, and Mapquest (1158 W. Broadway, Hewlett, New York 11557), but Plaintiffs' process server was again informed that Pike was not known at the location. (Pls.' Mot. for Extension and Alternative Service, ECF No. 18, at 2; Ex. 5, Aff. of Attempted Service, ECF No. 19-5.) Plaintiffs subsequently attempted to serve Pike, but were unable to serve him, at two additional business addresses: (1) 1500 Rt. 112, Suite 101, Port Jefferson Station, New York 11776 (which Plaintiffs state is an address listed on Pike's National Provider Identifier profile, where Plaintiffs' process server was informed that Pike's practice was no longer at that location), and (2) 290 Central Avenue, Lawrence, New York 11559 (where Plaintiffs' process server learned that the unit is presently vacant). (Pls.' Mot. to Amend, ECF No. 19, at 2; Exs. 6 and 7, Affs. of Attempted Service, ECF Nos. 19-6 and 19-7.) Plaintiffs also served Defendant Spike Medical, P.C. through the New York Secretary of State on January 20, 2023; notice of the instant case may have reached Pike through that process.[5]

---

[5] Pike may have already received actual notice by the New York Secretary of the

Pike is likely to receive actual notice of the claims asserted against him if the Plaintiffs serve Pike at the law firms hired by Pike to commence numerous lawsuits throughout the New York City Courts seeking collection of unpaid no-fault claims. I therefore find that service of the Summons and Complaint in this action through the methods set forth below is reasonably calculated to give actual notice of this action to Pike and is more likely to do so than other methods of service, such as service by publication.

\* \* \* \* \*

The motion for service by alternative means is granted as to Defendants Morley and Pike, and denied as to Defendant Yellin, without prejudice.

**THEREFORE, IT IS ORDERED** that, pursuant to Rule 4(e) and N.Y. C.P.L.R. § 308(5), Plaintiffs shall:

(i) Mail a copy of the Summons and Complaint, together with a copy of this Order, to Defendant **Morley** at Timothy Morley, M.D., 4 Lafayette Ct., Apt. 3C, Greenwich, Connecticut 06830.

(ii) Mail a copy of the Summons and Complaint, together with a copy of this Order, to Defendant **Morley**'s no-fault collections counsel at: Sanders Grossman Aronova, PLLC, 100 Garden City Plaza, 5th Floor, Garden City, New York 11530. (*See* Pls.' Mot. for Extension and Alternative Service, ECF No. 18, at 4.)

---

claims asserted against him in that Spike Medical P.C. lists Pike as the address to which the Secretary of State shall mail a copy of any process against the corporation (with the designee listed as Sheldon Pike, 85-93 66 Avenue, 1st Floor, Rego Park, New York 11374). Because Plaintiffs served process on Spike Medical P.C. via the New York Secretary of State pursuant to N.Y. Business Corporation Law § 306(b), it is possible that the Secretary of State forwarded such process to Pike at the address listed. (*See* Complaint, ECF No. 1, ¶ 42 (noting that "Defendant Pike also allowed his name and license to be used to pursue fraudulent claims on behalf of Spike Medical, a transient medical practice which was unlawfully formed and operated by one or more individuals who are presently unknown to Plaintiffs"); Aff. of Service, ECF No. 13.)

7

(iii) Mail a copy of the Summons and Complaint, together with a copy of this Order, to Defendant **Morley** at Timothy Morley, M.D., Morley Medical Services, P.C. at The Corporation, 4 Lafayette Court, Greenwich, Connecticut 06830 (the address listed with the Secretary of State for purposes of service of process upon Morley Medical Services, P.C.).

(iv) Mail a copy of the Summons and Complaint, together with a copy of this Order, to Defendant **Pike**'s no-fault collections counsel at: The Rybak Law Firm at 1810 Voorhies Ave, Ste 7, Brooklyn, New York 11235. (*See* Pls.' Mot. for Extension and Alternative Service, ECF No. 18, at 4).

(v) Mail a copy of the Summons and Complaint, together with a copy of this Order, to Defendant **Pike** at Sheldon Pike, Spike Medical P.C., 85-93 66 Avenue, 1st Floor, Rego Park, New York 11374 (the address listed with the Secretary of State for purposes of service of process upon Spike Medical P.C.).

(vi) Attempt to serve a copy of the Summons and Complaint, in the manner prescribed by N.Y. C.P.L.R. § 308(1), (2), and/or (4), together with a copy of this Order, to Defendant **Yellin** at the two addresses listed on his website (http://www.drjosephyellin.com/):

- Joseph C. Yellin, D.O., Lenox Hill Hospital, Black Hall Building, 130 East 77th Street, 10th Floor, New York, New York 10075; and
- Joseph C. Yellin, D.O., Sage Medical, P.C., **1599** East 15th Street, 3rd Fl, Brooklyn, New York 11230.

(vii) Mail a copy of the Summons and Complaint, together with a copy of this Order, to Defendant **Yellin**'s no-fault collections counsel at: Gabriel & Moroff, 2 Lincoln Avenue, Suite 400, Rockville Centre, New York 11570. (*See* Pls.' Mot. for Extension and Alternative Service, ECF No. 18, at 4).

8

(viii) Mail a copy of the Summons and Complaint, together with a copy of this Order, to Defendant **Yellin** at Joseph C. Yellin, 530 East 76 Street, A19D, New York, New York 10021 (the address listed with the Secretary of State for purposes of service of process upon Sage Medical, P.C.).

(ix) File proof of service on ECF.

I find that Plaintiffs' papers establish good cause under Federal Rule of Civil Procedure 4(m) for an extension of time to complete service. Plaintiffs shall effect service, as directed above, and file proof of same on ECF by **May 1, 2023**.

    **SO ORDERED.**

Dated:  Brooklyn, New York
        March 20, 2023

*Taryn A. Merkl*
TARYN A. MERKL
UNITED STATES MAGISTRATE JUDGE